IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

SHERYL KOPPLIN, TINA M. NYGAARD, LUCINDA SLOVINSKI, and KEITH D. SLOVINSKI, on behalf of themselves and all others similarly situated,

        Plaintiff,

vs.

PROFESSIONAL PLACEMENT SERVICES, LLC; a Wisconsin Limited Liability Company; and, JOHN AND JANE DOES NUMBERS 1 THROUGH 25,

        Defendants.

Case No. _____

## CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### I. PRELIMINARY STATEMENT

1. Plaintiffs, SHERYL KOPPLIN ("KOPPLIN"), TINA M. NYGAARD ("NYGAARD"), LUCINDA SLOVINSKI ("LUCINDA") and KEITH D. SLOVINSKI ("KEITH"), on their own behalf and on behalf of the class they seek to represent, bring this action for the illegal practices of the Defendant PROFESSIONAL PLACEMENT SERVICES, LLC ("PPS") who, *inter alia*, used false, deceptive, and misleading practices, and other illegal practices, in connection with its attempts to collect alleged debts from the Plaintiffs and other similarly situated consumers in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* by failing to identify the creditor of the debt it sought to collect from Plaintiff.

2. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a)-(e).

3. The FDCPA is a strict liability statute which provides for actual or statutory damages upon the showing of one violation. The Seventh Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "unsophisticated debtor." *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994).

4. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among the *per se* violations prohibited by that section are: using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10).

5. In an effort to provide consumers with accurate information concerning their debts and obtain validation, the FDCPA, at 15 U.S.C. § 1692g, requires debt collectors to provide consumers certain information in writing regarding their alleged debts. 15 U.S.C. § 1692g(a)-(e). Among the *per se* violations prohibited by that section are: failing to provide the name of the creditor to whom the debt is owed, 15 U.S.C. § 1692g(a)(2).

6. Plaintiff, on behalf of herself and all others similarly situated, seeks statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA and all other common law or statutory regimes.

## II. PARTIES

7. KOPPLIN is a natural person.

8. At all times relevant to this lawsuit, KOPPLIN was a citizen of, and resided in, the Village of Tigerton, Shawano County, Wisconsin.

9. NYGAARD is a natural person.

10. At all times relevant to this lawsuit, NYGAARD was a citizen of, and resided in, the Town of Oshkosh, Winnebago County, Wisconsin.

11. LUCINDA is a natural person.

12. At all times relevant to this lawsuit, LUCINDA was a citizen of, and resided in, the City of Omro, Winnebago County, Wisconsin.

13. KEITH is a natural person.

14. At all times relevant to this lawsuit, KEITH was a citizen of, and resided in, the City of Omro, Winnebago County, Wisconsin.

15. At all times relevant to this complaint, PPS is a limited liability company existing pursuant to the laws of the State of Wisconsin.

16. Plaintiffs are informed and believe, and on that basis allege, that PPS maintains its principal business address at 272 North 12th Street, City of Milwaukee, Milwaukee County, Wisconsin.

17. Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiffs. The

Plaintiffs will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

18.     Plaintiffs are informed and believe, and on that basis allege, that Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with, conspired with, engaged in, and oversaw the violative policies and procedures used by the employees of PPS that are the subject of this Complaint. Those Defendants personally control, and are engaged in, the illegal acts, policies, and practices utilized by PPS and, therefore, are personally liable for all the wrongdoing alleged herein.

## III.  JURISDICTION & VENUE

19.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

20.     Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to Plaintiffs' claims occurred within this federal judicial district, and because PPS is subject to personal jurisdiction in the State of Wisconsin at the time this action is commenced.

## IV.  FACTS

21.     PPS regularly collects, and attempts to collect, defaulted debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

22.     By letter dated January 2, 2017, PPS attempted to collect from KOPPLIN an allegedly defaulted financial obligation for medical services allegedly provided personally to her and at her request.

23. A true copy of the January 2, 2017 letter is attached as *Exhibit A* except that the undersigned counsel has, in accordance with Fed. R. Civ. P. 5.2, partially redacted the financial account numbers to protect KOPPLIN's privacy.

24. By letters dated March 30, 2017 and April 7, 2017, PPS attempted to collect from NYGAARD five allegedly defaulted financial obligations, each for medical services allegedly provided personally to her and at her request.

25. A true copy of the March 30, 2017 and April 7, 2017 letters are attached as *Exhibit B* except that the undersigned counsel has, in accordance with Fed. R. Civ. P. 5.2, partially redacted the financial account numbers to protect NYGAARD's privacy

26. By letter dated February 27, 2017, PPS attempted to collect from LUCINDA two allegedly defaulted financial obligations, each for medical services allegedly provided personally to her and at her request.

27. A true copy of the February 27, 2017 letter is attached as *Exhibit C* except that the undersigned counsel has, in accordance with Fed. R. Civ. P. 5.2, partially redacted the financial account numbers to protect LUCINDA's privacy.

28. By letter dated June 28, 2016, PPS attempted to collect from KEITH an allegedly defaulted financial obligation for medical services allegedly provided personally to him and at his request.

29. A true copy of the June 28, 2016 letter is attached as *Exhibit D* except that the undersigned counsel has, in accordance with Fed. R. Civ. P. 5.2, partially redacted the financial account numbers to protect KEITH's privacy.

30. Each of the letters attached as *Exhibits A, B, C and D* (collectively, "Letters") were the initial written communication from PPS with respect to each alleged debt described in the respective Letter.

31. Each of the debts described in the Letters was assigned to PPS for the purpose of attempting collection after the financial obligation was in default.

## V. POLICIES AND PRACTICES COMPLAINED OF

32. It is PPS's policy and practice to mail written collection communications to consumers in the form of the Letters violates the FDCPA by, *inter alia*, failing to identify name of the creditor to whom the debt is owed.

33. Notwithstanding that PPS has been previously sued in this District with respect to the same form letter based on the same violation of the FDCPA (see, *Safranski v. Professional Placement Services, LLC et al.*, Case 1:17-cv-00129), as evidenced by the Letters dated after January 27, 2017, PPS continues to use the same form unlawful form letter.

## VI. CLASS ALLEGATIONS

34. This action is brought as a class action. Plaintiffs bring this action on behalf of themselves and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

35. Plaintiffs seeks to certify one class.

36. With respect to the Class, this claim is brought on behalf of a class of all natural persons with addresses in the State of Wisconsin, to whom Professional Placement Services LLC mailed a written communication substantially similar to the Letters including "Re: AuroraHealth Care" and named an "Original Creditor" other than "AuroraHealth Care" which communication was dated during the period beginning one year prior to the filing of this complaint and ending 21 days thereafter.

37. The identities of all class members are readily ascertainable from the business records of PPS and those businesses and governmental entities on whose behalf it attempts to collect debts.

38. Excluded from the Class are PPS and all officers, members, partners, managers, directors, and employees of PPS and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

39. There are questions of law and fact common to the Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether PPS's written communications to consumers in the form of the Letters violate 15 U.S.C. §§ 1692e, and 1692g(a)(2).

40. The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories.

41. The Plaintiffs will fairly and adequately protect the interests of the Class defined in this complaint. Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither of the Plaintiff nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

42. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

> (a) **Numerosity:** Plaintiffs are informed and believe, and on that basis allege, the Class defined above is so numerous that joinder of all members would be impractical and include at least 40 members.
>
> (b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members. With respect to the Class, the principal issues are whether PPS's written

communications in the form of the Letters violate 15 U.S.C. §§ 1692e and 1692g(a)(2).

(c) **Typicality:** The Plaintiffs' claims are typical of the claims of class members. Plaintiffs and all members of the Class have claims arising from PPS's common course of conduct complained of herein.

(d) **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are averse to absent class members. Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither of the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

43. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

44. Based on discovery and further investigation (including, but not limited to, Defendants' disclosure of class size and net worth), Plaintiffs may, in addition to moving for

class certification using modified definitions of the Class, Class Claims, and the class period, and seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4).

## VII.  FIRST CAUSE OF ACTION

45. Plaintiffs reallege and incorporate by reference the allegations in the preceding paragraphs of this Complaint.

46. PPS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

47. KOPPLIN is a "consumer" as defined by 15 U.S.C. § 1692a(3).

48. NYGAARD is a "consumer" as defined by 15 U.S.C. § 1692a(3).

49. LUCINDA is a "consumer" as defined by 15 U.S.C. § 1692a(3).

50. KEITH is a "consumer" as defined by 15 U.S.C. § 1692a(3).

51. Each of the financial obligations alleged in the Letters is a "debt" as defined by 15 U.S.C. § 1692a(5).

52. Each of the Letters is a "communication as defined by 14 U.S.C. § 1692a(2).

53. Each of the Letters was mailed by PPS in its attempt to collect a debt.

54. At the top left of each of the Letters reads, "RE: Aurora Health Care".

55. The first paragraph of each of the Letters goes on to state, "This letter will serve to inform you that your delinquent account has been placed with Professional Placement Services, LLC."

56. Under the first paragraph of each of the Letters states "Original Creditor" under which is either is "PB Aurora West Allis Medical Center", "Aurora Medical Center Oshkosh", or "Aurora Health Center Oshkosh West",

57. Each of the Letters fails to identify who "placed" the delinquent account with PPS.

58. The third paragraph of each of the Letters states, in relevant part, "If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor."

59. Each of the Letters fails to identify the name of the creditor to whom the debt is owed.

60. By failing to identify the name of the creditor, PPS leaves the unsophisticated consumer in doubt about to whom their alleged debt is owed and if it is legitimate.

61. PPS's use of the Letters violated the FDCPA in one or more of the following ways:

    (a)    Using false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e including violation of and § 1692e(10); and

    (b)    Failing to identify the name of the creditor to whom the debt is owed in violation of 15 U.S.C. § 1692g(a)(2).

## VIII. PRAYER FOR RELIEF

62. WHEREFORE, Plaintiffs respectfully request the Court enter judgment in their favor and in favor of the Class as follows:

    (i)    An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiffs and the undersigned counsel to represent the Class set forth and defined above;

    (ii)    An award of statutory damages for Plaintiffs and the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B);

(iii) An incentive award in favor of Plaintiffs in recognition for their services on behalf of the Class set forth and defined above;

(iv) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

(v) For such other and further relief as may be just and proper.

## IX. JURY DEMAND

Plaintiffs hereby demands that this case be tried before a Jury.

Respectfully submitted this 8th Day of June, 2017

*s/ Andrew T. Thomasson*
Philip D. Stern, Esq.
Heather B. Jones, Esq.
Andrew T. Thomasson, Esq.
STERN•THOMASSON LLP
150 Morris Avenue, 2nd Floor
Springfield, NJ  07081-1315
Telephone: (973) 379-7500
Facsimile:  (973) 532-5868
E-Mail: philip@sternthomasson.com
E-Mail: andrew@sternthomasson.com
E-Mail: heather@sternthomasson.com

*Attorneys for Plaintiffs, Sheryl Kopplin, Tina M. Nygaard, Lucinda Slovinski, Keith B. Slovinski and all others similarly situated*